IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HEIDI JAYE PATTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 18-1069-JWL |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the final decision.

**I.    Background**

Plaintiff argues that the ALJ "improperly reweighed and relied on opinion evidence from a prior application to reject opinion evidence from Plaintiff's current application" (Pl. Br. 10) (bolding omitted), and that she failed to develop the record regarding Dr. Forbes's opinion. Id. at 14.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court considers the issues as presented in Plaintiff's Brief.

## II. Dr. Davis's Opinions

The ALJ noted that Plaintiff had filed an earlier Social Security disability application in March 2014 which was denied on September 19, 2014. (R. 17). She found no basis to reopen that decision, and stated that "any discussion of the evidence prior to that time is for historical and contextual purposes only and does not constitute reopening." Id. Plaintiff points out that the ALJ nonetheless relied upon an opinion by Dr. Davis formed on September 13, 2014 (rendered six days within the previously adjudicated period, and before the amended alleged onset date of March 2, 2015) to discount an October 2015 opinion, also by Dr. Davis and rendered within the period at issue. She argues that the earlier opinion of Dr. Davis is irrelevant to the period at issue here and it was error for the ALJ to rely on it. (Pl. Br. 11-12) (citing Allison v. Heckler, 711 F.2d 145, 147 (10th Cir. 1983); Timmons v. Colvin, No. 11-cv-1369, 2013 WL 1288647 at *3 (W.D. Okla. Feb. 26, 2013); Myers v. Astrue, 870 F. Supp. 2d 1164, 1170 (D. Colo. 2012)). Plaintiff clarifies that she is not arguing error in the ALJ's consideration of or discussion of Dr. Davis's 2014 opinion, but that the ALJ erred when she <u>reweighed</u> the opinion evidence from a prior application and relied upon it to reject Dr. Davis's "more current" opinion from October 2015. (Pl. Br. 12). She argues that

4

"[a]n ALJ is entitled to consider evidence from a prior denial for the <u>limited purposes of reviewing the preliminary facts or cumulative medical history</u> necessary to determine whether the claimant was disabled at the time of his second application." (Pl. Br. 12) (quoting <u>Hamlin v. Barnhart</u>, 365 F.3d 1208, 1215 (10th Cir. 2004) (emphasis in Pl. Brief). Plaintiff argues that the court is left to speculate how the opinion was evaluated in the prior decision, and the entire record of the prior decision should have been included in this record. <u>Id.</u> (citing <u>Blevins v. Colvin</u>, No. 15-cv-159, 2016 WL 5408130 at *3 (E.D. Okla. Sept. 29, 2016)).

Alternatively, Plaintiff argues that in her latest opinion Dr. Davis explained she had considered her prior opinion, that Plaintiff's condition had deteriorated in the interim, and that the objective findings supported her opinion. She argues that the ALJ erred because the record evidence supports Dr. Davis's conclusions in her second opinion.

The Commissioner argues that the ALJ properly evaluated Dr. Davis's opinions. She points out Dr. Davis's September 2014 opinion is part of the administrative record before the ALJ in this case, and argues that neither Tenth Circuit law nor agency regulations prohibit consideration of record evidence dated before the alleged onset date. (Comm'r Br. 3-4). She argues that the cases cited by Plaintiff do not stand for the proposition asserted, and that <u>Hamlin's</u> "holding runs contrary to Plaintiff's position," leaving the decision at issue consistent with <u>Hamlin</u>. <u>Id.</u> at 4-5. The Commissioner argues that the ALJ must consider all the record opinion evidence, she did so here, and the record evidence supports her findings as to both opinions of Dr. Davis. <u>Id.</u> at 5-6.

As the Commissioner points out, an ALJ is required to consider every medical opinion in the administrative record before her. 20 C.F.R. § 405.1527(b, c) (2016); see also, Soc. Sec. Rul. (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2018) (medical source opinions must not be ignored); SSR 96-8, West's Soc. Sec. Reporting Serv., Rulings 149-50 (Supp. 2018) (narrative discussion must include consideration of medical opinions regarding the claimant's capabilities). And the record is required to include a "complete medical history for at least the 12 months preceding the month in which you file your application." 20 CFR § 404.1512(d) (2016). Plaintiff protectively filed her application in this case on February 13, 2015, thereby requiring the agency to develop a medical history back through "at least" February 14, 2014. Dr. Davis's first opinion was rendered within this period.

The Commissioner is also correct that the cases cited by Plaintiff do not stand for the proposition that it is error to rely on evidence from earlier applications. Rather, they stand for the proposition that it is error to rely on evidence which was not in the administrative record properly before the ALJ. In Allison, after the hearing the ALJ sent the administrative record to an agency physician who concluded that the claimant was not disabled, and the ALJ relied on that physician's report as the basis to find the claimant not disabled. 711 F.2d at 146. The court held that the "ALJ's use of a post-hearing medical report constitutes a denial of due process because the applicant is not given the opportunity to cross-examine the physician or to rebut the report." Allison, 711 F.2d at 147. In Timmons, the court had remanded a decision of the Commissioner because the ALJ had only considered evidence between February and September 2002. 2013 WL

6

1288647 at *2. On remand, the ALJ discussed the claimant's medical history from 1998 to 2000, but she did not make that evidence a part of the record and merely "cited to exhibits from the 'prior' or 'former' file," but did not include those exhibits in the "current" record. Timmons, 2013 WL 1288647, at *2, report and recommendation adopted, No. CIV-11-1369-M, 2013 WL 1288645 (W.D. Okla. Mar. 26, 2013). The court remanded that case because "the ALJ did in fact consider and rely on prior medical evidence <u>which was never made a part of the current record</u> and in doing so committed legal error." Timmons, 2013 WL 1288647 at *3 (emphasis added).

Myers is to a similar effect. There, the claimant argued that her due process rights were violated because the ALJ restricted her testimony to the period of the current application but relied on other evidence from an earlier application. Myers, 870 F. Supp. 2d at 1169. The court found that "the ALJ improperly relied on a statement made … outside of the record," and on treatment notes from a prior application. Id. It found that if the earlier record "must necessarily be considered, … then principles of fundamental fairness dictate that the Commissioner cannot reasonably exclude Ms. Myers' [sic] support for her claims from this same period." Id. at 1170. The court remanded for the Commissioner to <u>include all the evidence relied upon</u>, and to allow the claimant to introduce evidence from that period also. Id. The error in Myers was not in relying on relevant evidence from an earlier application, but in relying on evidence outside the administrative record. And the error was compounded by refusing to allow the claimant to testify regarding her condition in the earlier period. Here, Dr. Davis's September 2014 opinion was a part of the administrative record before the ALJ (R. 499-504), and Plaintiff

7

makes no argument that she was denied the opportunity to rebut the earlier evidence or include other relevant evidence from that period.

Plaintiff's argument based on Hamlin (that an ALJ's consideration of evidence from a prior denial is limited to reviewing the preliminary facts or cumulative medical history necessary to determine whether the claimant was disabled at the time of his second application) fares no better. In Hamlin, the court recognized the claimant's argument that the ALJ erred in failing to consider the opinions of his treating physicians. 365 F.3d at 1215. The court explained the treating physician rule for weighing a treating source medical opinion--that controlling weight is given to a treating source opinion that is supported by clinical and laboratory diagnostic techniques and is not inconsistent with other record evidence; that specific, legitimate reasons must be given to reject a treating source opinion; that regulatory factors are considered in weighing medical opinions; that an ALJ considers the treating source opinion as generally preferable when examining other physician's opinions to see if they outweigh the treating source opinion; that if other source opinions are relied on, the ALJ must explain the weight accorded them; and that he must give good reasons for the weight given the treating source opinion. Id. The court concluded its summary of the treating physician rule, stating, "Finally, even if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be considered by the ALJ." Hamlin, 365 F.3d at 1215 (citing Groves v. Apfel, 148 F.3d 809, 810–11 (7th Cir. 1998) (evidence submitted in earlier application for benefits is relevant to subsequent disability

application when determining whether claimant is disabled by a progressive condition); and Frustaglia v. Sec'y of Health & Human Servs., 829 F.2d 192, 193 (1st Cir. 1987) (per curiam) ("[A]n ALJ is entitled to consider evidence from a prior denial for the limited purpose of reviewing the preliminary facts or cumulative medical history necessary to determine whether the claimant was disabled at the time of his second application."). The court noted, and rejected, the Commissioner's argument that merely considering medical evidence from an earlier application reopened the earlier claim, noting that the ALJ made clear that he did not intend to reopen the claim, and that the claimant did not argue for a "de facto" reopening. Hamlin, 365 F.3d at 1215, n.8.

It is the Hamlin court's quotation of Frustaglia upon which Plaintiff relies to argue that Hamlin found the use of evidence from a prior application period was limited. However, Frustaglia was not the only case cited by that court, and not the only reason specifically mentioned to consider evidence from an earlier application. Moreover, in Hamlin, as the Commissioner argues, the court considered the evidence from the earlier period (as did the ALJ here) and remanded because the ALJ there failed adequately to consider the opinions of Plaintiff's treating physicians, which included opinions from outside the relevant period. Id. 365 F.3d at 1215-20. Finally, the "limited purpose" for consideration argued by Plaintiff includes consideration of the facts and medical history "necessary to determine whether the claimant was disabled at the time of his second application." Hamlin, 365 F.3d at 1215. Dr. Davis's September 2014 opinion was within the relevant period at issue here, and was necessary to determine whether Plaintiff was disabled pursuant to her most recent application.

Plaintiff next argues that the ALJ here erroneously reweighed Dr. Davis's September 2014 opinion because she "made new determinations already made by the prior agency decision," leaving the court to speculate how the opinion was evaluated in the first decision, and consequently "the entire prior application should have been included" in the record here. (Pl. Br. 12) (citing Blevins 2016 WL 5408130 at *3). The court notes that Blevins had an exceedingly tortuous history beginning with Mr. Blevin's first applications for DIB and SSI on August 22, 2006, and culminating with an appeal to the District Court for the Eastern District of Oklahoma in 2015. 2016 WL 5408130 at *2. That history included two sets of applications for benefits, three denials of review by the Appeals Council, and two remands from the district court before remand in the opinion cited. Id. The court noted that the administrative record of the final decision which was ultimately appealed to the district court did not contain certain exhibits which were part of the record in Mr. Blevins's second (third?) application before the agency. Id. 2016 WL 5408130 at *3. Nonetheless, the ALJ's decision referred to these exhibits, and the Commissioner filed the exhibits with the district court in a supplemental record. Id.

Before the district court, Mr. Blevins argued "that the ALJ erred by: (i) violating his procedural due process rights in relying on evidence not a part of the record until this appeal, and (ii) failing to properly evaluate his RFC." 2016 WL 5408130, at *3. The court agreed that Mr. Blevins's due process rights had been violated and remanded for further proceedings. Id. The reason the Blevins court remanded was that the ALJ had relied on evidence which was not included in the record before him, not that the prior decision and record was necessary to know the weight originally accorded a medical

10

opinion. Plaintiff here has not shown any error in the ALJ's consideration of Dr. Davis's opinion, which was properly a part of the administrative record before the ALJ even though it was also a part of the administrative record in the prior application and was formed six days before the prior (res judicata) decision and several months before the amended alleged onset date in this case.[1]

Finally, the court is somewhat confused by Plaintiff's arguments regarding the res judicata effect of the prior administrative determination. To be sure, the court is without authority to review the prior determination--that Plaintiff is not disabled through September 19, 2014. But, that does not mean the evidence which was considered in making that determination must be ignored or viewed in any particular way. That principle inures to Plaintiff's benefit to the extent that neither the ALJ nor this court must view that evidence in a manner suggesting Plaintiff is not disabled, but the ALJ must make a new decision based on all of the evidence currently in the record, and this court need not view the evidence in a manner consistent with the prior decision, but must determine whether the evidence currently in the record supports the ALJ's decision.

Plaintiff's alternative argument that the record evidence supports Dr. Davis's explanation that she had considered her prior opinion, that Plaintiff's condition had deteriorated in the interim, and that the objective findings supported her opinion, does not require a different result. Plaintiff does not demonstrate that the record evidence compels

---

[1] It is also worthy of note that the original alleged onset date in the application at issue was September 1, 2013, one year before Dr. Davis rendered his first opinion in this case. (R. 17, 193).

11

the limitations opined in Dr. Davis's 2015 opinion, and the mere fact that there is evidence which might support a finding contrary to the ALJ's determination will not establish error. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966) (same).

### III. Dr. Forbes's Opinion

Plaintiff acknowledges that "Dr. Forbes opined Plaintiff would be able to walk and/or stand for a partial workday," and that the ALJ gave that opinion great weight. (Pl. Br. 14) (citing R. 33, 619). She recognizes the ALJ assessed the need for a sit/stand option every 30 minutes in his RFC. Id. at 15 (citing R. 23). She argues that Dr. Forbes's opinion "is somewhat vague as it does not translate into a clearly defined limitation," and "the ALJ should have re-contacted Dr. Forbes for a more specific limitation relating to Plaintiff's ability to stand and/or walk during the workday" because the ability to walk and/or stand for a partial workday might be interpreted by several different limitations. Id. at 14-15. She argues that the law requires an ALJ to recontact a medical source when the record evidence is inadequate to determine whether the claimant is disabled. (Pl. Br. 15) (quoting Maes v. Astrue, 522 F.3d 1093, 1097 (10th Cir. 2008) ("Under 20 C.F.R. § 404.1512(e)")).

12

The Commissioner argues that "the ALJ is not required to base each and every functional limitation in the record on a specific medical opinion, even if she assigns that opinion great or significant weight." (Comm'r Br. 6) (citing 20 C.F.R. § 404.1527(e)(2); and Howard v. Barnhart, 379 F.3d 945, 949 (10th Cir. 2004)). She argues that the ALJ did not rely exclusively on Dr. Forbes's opinion to assess the need for a sit/stand option every 30 minutes, but relied on all of the record evidence. Id. at 7.

The court agrees with the Commissioner. Although Dr. Forbes's opinion regarding the ability to walk and/or stand for a partial workday is susceptible of several interpretations, the ALJ interpreted it in light of all of the record evidence, and Plaintiff has not shown error in that assessment. Nor was the ALJ required to further develop the record. First, Plaintiff has not demonstrated that the record evidence was inadequate for the ALJ to determine whether Plaintiff is disabled. As noted above, the ALJ made that determination, and Plaintiff has not demonstrated error. Moreover, as Plaintiff's argument implicitly recognizes, the holding in Maes was based on 20 C.F.R. § 404.1512(e), which required an ALJ to recontact a claimant's medical source when the record is insufficient. Maes, 522 F.3d at 1097. But, Maes was decided in 2008, and 20 C.F.R. § 404.1512 was changed in 2012 and no longer requires that a medical source be recontacted. 20 C.F.R. § 404.1512 (2016).

Plaintiff has shown no error in the decision below.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

13

Dated December 3, 2018, at Kansas City, Kansas.

                                              s:/ John W. Lungstrum
                                              **John W. Lungstrum**
                                              **United States District Judge**